GONZÁLEZ ET AL., PLAINTIFFS AND APPELLANTS, V. LÓPEZ ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in an action to annul an institution of heirs.

No. 998.—Decided December 1, 1913.

NATURAL CHILDREN—ACKNOWLEDGMENT—RECORD OF ACKNOWLEDGMENT.—In order that the acknowledgment of a natural child may be considered as having been made according to law, it must have been made by a solemn act of the father with the firm intention of doing so, of which act there must be an authentic and genuine record.

ID.—ACKNOWLEDGMENT—ACTS OF FATHER TENDING TO ACKNOWLEDGE—ACTION OF FILIATION.—When the father has performed acts tending to establish his paternity, which acts of themselves alone did not constitute a solemn acknowledgment and of which no authentic and genuine record remained, as required by the Law of Toro, and in the cases specified in section 137 of the old Civil Code and section 189 of the Revised Civil Code, an action of filiation must be brought and the acknowledgment be decreed by the solemn act of a court of competent jurisdiction.

ID.—CERTIFICATES OF BAPTISM AND MARRIAGE—EVIDENCE.—Certificates of baptism and of marriage prove the administration of the baptism and the celebration of the marriage on the dates stated, but they do not prove the truth of the statements contained in them with respect to the filiation or civil status of the person baptized or married.

ID.—ACKNOWLEDGMENT—BAPTISMAL CERTIFICATE—PRIVATE DOCUMENT.—A footnote entered by a parish priest to a baptismal certificate after the change of sovereignty and the separation of Church and State, to the effect that the putative father of the baptized child personally appeared before him and expressed his wish to recognize the child as his own, has only the character of a private document and cannot be considered as an authentic and genuine record of the acknowledgment. Such an acknowledgment is not of itself sufficient to give the acknowledged child the right to bring an action for the annulment of the institution of heirs of his putative father because he was not included therein.

The facts are stated in the opinion.

Mr. José G. Torres for appellants.

Mr. Rafael López Landrón for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action to annul a designation of heirs. Ana González, widow of López, in her capacity as mother with *patria potestas* over her minor children named Ana María

and Ramón López y González and also in her own right, brought an action in the District Court of San Juan, Section 1, against Ramona López and the minors Miguel, Lucía, Dolores, Julia, Conrado, Francisco and Jorge López y Ortiz, alleging the following:

*First.* That on November 14, 1912, the said district court decreed the defendants to be the sole and universal heirs of their natural father, Manuel López Martínez.

*Second.* That the said Manuel López Martínez had and left at his death another acknowledged natural son named Juan Ramón López y Ramírez who died 10 months after his father died, leaving as the offsprings of his marriage with the plaintiff two minor children who are under the *patria potestas* of the said plaintiff.

*Third.* That as neither the said acknowledged natural son, Juan Ramón López Ramírez, nor his widow and children aforesaid as his representatives had been included in the designation of heirs of Manuel López Martínez the said designation did not contain, as it should, all the heirs of Manuel López Martínez and was consequently null and void.

The defendants answered the complaint admitting the first allegation and denying the second and third.

A day was set for the hearing, at which only the plaintiffs appeared. The court deemed the evidence introduced to be insufficient and on that ground entered judgment dismissing the complaint on March 28, 1913, from which the present appeal was taken.

Let us see what was the evidence which the court regarded as insufficient. It consisted of documents and of the testimony of witnesses. The documents were as follows:

(*a*) A certificate of the civil registry of Toa Alta attesting the marriage contracted on May 29, 1909, between Juan Ramón López y Ramírez and Ana Liboria González y López. In said certificate López appears as the legitimate son of Manuel López Martínez.

(*b*) A certificate of the civil registry of Toa Alta attesting the death of Juan López Ramírez in said town on September 9, 1911. It is stated in the said certificate that López was married to Ana González y López at the time of his death.

(*c*) A certificate of the civil registry of Toa Alta attesting the death of Manuel López Martínez and stating that he was single at the time of his death.

(*d*) A certificate of the baptism of the child Juan Ramón. The baptism occurred in the parish of Vega Alta on February 22, 1884, and it was stated that the child baptized was the natural son of María Rosario Ramírez. Years later the following was inserted at the foot of the record:

"I certify that on this date Manuel López Martínez of Toa Baja appeared in this parochial office and declared to me that it was his wish to acknowledge the youth Juan Ramón as his legitimate son. In witness whereof I sign this together with the witnesses in the parish of Vega Alta this 8th day of September, 1906. Eliseo Echevarría, Parish Priest. Teodomiro Ramírez. Ramón Orsini. Enrique Vega. Jacinto Seijo."

The witnesses testified as follows:

1. Marcelino Franco testified that he was in charge of the parochial archives of Vega Alta and that the certificate of baptism, exhibit *d*, shown him was exactly like its original appearing on folio 204 of baptism records, volume 10, of Vega Alta.

2. Teodoro Ramírez testified that he witnessed the act of acknowledgment referred to in the foot-note to exhibit *d*.

3. Ramón Orsini gave the same testimony as the last witness.

4. Ana González testified that she was the widow of Juan Ramón López, that she had two children by him named Ana María and Ramón and that she knew her husband's father, Manuel López Martínez, who was blind and did not know how to sign his name.

In order to weigh the evidence in this case properly it is necessary to determine precisely the kind of action which is being brought. If it is an action for filiation—that is, if the object of the complaint is to secure a decree to the effect that Juan Ramón López had been acknowledged by his father, Manuel López Martínez, to be the latter's natural child—the proof is sufficient, and if the action had been brought within the time fixed by law, or if it had not been brought within such time and no plea of prescription had been set up by the defendant, a judgment for the plaintiffs would be proper; but it is not such an action. The plaintiffs assume that Juan Ramón López was not only a natural child of Manuel López with the right to be acknowledged as such, but that he had been acknowledged already in due form. This being so, the circumstances are different and the evidence, which is sufficient in the first case, is insufficient to support the second.

This court has repeatedly decided, one of its decisions having been affirmed by the Supreme Court of the United States, that a natural child derives his right from the acknowledgment and that in order that the acknowledgment may be considered as effected and have all the desired lawful effects it must be made by a solemn act of the father with the firm intention of doing so, of which act there must be an authentic and genuine record. Also that when the father has performed acts tending to establish his paternity, which acts of themselves alone did not constitute a solemn acknowledgment and of which no authentic and genuine record remained, as required by the laws of Toro, and in the cases specified in section 137 of the old Civil Code and section 189 of the Revised Civil Code, an action of filiation must be brought and the acknowledgment be decreed by the solemn act of a court of competent jurisdiction. See the cases of *Gual* v. *Bonafoux*, 15 P. R. R., 545; *Amsterdam et al.* v. *Puente et al.*, 16 P. R. R., 527; *Puente et al.* v. *Puente et al.*, 16 P. R. R., 556; *Matienzo* v. *Morales et al.*, 16 P. R. R., 553; *Rijos* v. *Folgueras*, 16

P. R. R., 593; *Jesús* v. *Succession of Pérez Villamil,* 18 P. R. R., 392.

The exhibits marked *a, b, c* and *d* show only that on the dates indicated therein the following acts took place: *a,* The marriage of the plaintiff to Juan Ramón López Ramírez; *b,* the death of Juan Ramón López; *c,* the death of Manuel López Martínez; and *d,* the baptism of Juan Ramón Ramírez. The other facts therein set forth would have some probatory value in some cases if considered in connection with other evidence, but they could never be regarded by themselves alone as positive proof of their existence. In this regard this court in the case of *Aguayo et al.* v. *García,* 11 P. R. R., 263, held that "Certificates of baptism and of marriage certify to the act which led to their execution, namely, the administration of the baptism and the celebration of the marriage on the dates stated; but they do not certify to the truth of the statements contained in them with respect to the filiation or civil status of the person baptized or married."

In regard to the footnote to the baptismal certificate of the boy Juan Ramón relative to his acknowledgment as the legitimate (*sic*) son of Manuel López Martínez, the date thereof must be considered in judging its probatory value. It is dated September 8, 1906, when the American sovereignty was in full power in Porto Rico. The Church having been separated from the State under said sovereignty, a document executed before a priest cannot be recognized as of the authenticity of a public or official document. Therefore, the footnote inserted by the parish priest of Vega Alta partakes only of the character of a private document and consequently cannot be considered as an authentic and genuine record of the act as required by jurisprudence.

In support of the doctrine laid down in the preceding paragraph, we will cite the case of *Estate of Díaz* v. *Estate of Díaz,* 17 P. R. R., 53, in which this court held that for the purpose of proving natural filiation "a mere statement of the parish priest that the father himself had ordered that

it should be stated in the baptismal entry that the baptized child was his natural child is not sufficient''; also in the case of *Rodríguez* v. *Rodríguez et al.,* 18 P. R. R., 428, it was held that ''The acknowledgment of a natural child in a will which has not been made a public instrument cannot have any effect in an action to annul the designation of heirs based on acknowledgment by public instrument, the will itself not being of this character.''

In view of the foregoing the conclusion must be reached that the trial court acted in accordance with the law and with jurisprudence in estimating the proof introduced by the plaintiffs to be insufficient to support their claim, and therefore the appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.